| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| BETH ANN R. YOUNG (SBN 143945)<br>LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.<br>2818 La Cienega Avenue<br>Los Angeles, CA 90034<br>Telephone: (310) 229-1234<br>Facsimile: (310) 229-1244<br>Email: BRY@LNBYG.COM<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorneys for:* Life Capital Group, LLC and Jonathan Polter | FILED<br>CLERK, U.S. DISTRICT COURT<br>9/28/26<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY: CS DEPUTY<br><br>**2:26-cv-11522 -GW** |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>LESLIE KLEIN,<br><br>Debtor(s). | CASE NO.: 2:23-bk-10990-NB<br>ADVERSARY NO.: 2:25-ap-01020-NB<br>(*if applicable*)<br>CHAPTER: 11 |
| BRADLEY D. SHARP, Liquidation Trustee,<br><br>Plaintiff(s) (*if applicable*).<br><br>vs.<br><br>LIFE CAPITAL GROUP, LLC, a limited liability company, SHLOMO Y. RECHNITZ, individually and as a member of LIFE CAPITAL GROUP, LLC, YISROEL ZEV RECHNITZ, an individual, CHAIM MANELA, an individual, JONATHAN POLTER, an individual and as a manager of LIFE CAPITAL GROUP, and SECURITY LIFE OF DENVER LIFE INSURANCE COMPANY,<br>Defendant(s) (*if applicable*). | **NOTICE OF APPEAL AND STATEMENT OF ELECTION** |

**Part 1: Identify the appellant(s)**

1. Name(s) of appellant(s): Defendants Life Capital Group, LLC and Jonathan Polter

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.

☐ Plaintiff
☒ Defendant
☐ Other (*describe*):

For appeals in a bankruptcy case and not in an adversary proceeding.

☐ Debtor
☐ Creditor
☐ Trustee
☐ Other (*describe*):

**Part 2: Identify the subject of this appeal**

1. ☒ The order or judgment is entered on the court docket AND a copy of the entered order or judgment is attached to this Notice of Appeal.
   a. Date of entry of the order or judgment: 09/15/2026
   b. Docket entry number of the order or judgment: Adv. dkt. 127
   c. Title in caption of order or judgment: Order Denying Defendants Life Capital Group, LLC And Jonathan Polter's Motion To Compel Liquidating Trustee's Compliance With Arbitration Orders And For Issuance Of An Order To Show Cause Why Bradley D. Sharp, Liquidating Trustee, Should Not Be Held In Contempt Of The Court's Arbitration Orders And Why Sanctions Should Not Be Imposed
2. ☐ The order or judgment **is not entered** on the court docket:
   a. Date of the hearing at which the court issued a ruling in court: ______________
   b. Title in caption of the motion or adversary proceeding complaint on which the court issued a ruling: ________

**Part 3: Identify the other parties to the appeal**

List the names of all parties to the judgment—or the appealable order or decree—from which the appeal is taken and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: Plaintiff Bradley D. Sharp, Liquidation Trustee

   Attorney: Jeffrey W. Dulberg (SBN 181200), John W. Lucas (SBN 271038)
   PACHULSKI STANG ZIEHL & JONES LLP
   10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067-4003
   Telephone: 310.277.6910
   Email: jdulberg@pszjlaw.com; jlucas@pszjlaw.com

2. Party: Defendant Schlomo Y. Rechnitz

   Attorney: Matthew A. Lesnick (SBN 177594), Lisa R. Patel (SBN 341574)
   LESNICK PRINCE PAPPAS & ALVERSON LLP
   315 W. Ninth Street, Suite 705
   Los Angeles, CA 90015
   Telephone: 213.493.6496
   Email: matt@lesnickprince.com, lpatel@lesnickprince.com

**Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☒ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

**Part 5: Sign below**

*/s/ Beth Ann R. Young* Date: 09/28/2026

Signature of attorney for appellant(s) (or appellant(s) if not represented by an attorney)

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

**[Note to inmate filers:** If you are an inmate filer in an institution and you seek the timing benefit of Fed. R. Bankr. P. 8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing) and file that declaration along with the Notice of Appeal.]

**Attachment**

**Part 2. Identify the subject of this appeal**

1. The appealed order is annexed hereto starting on the following page.

Jeffrey W. Dulberg (State Bar No. 181200)
John W. Lucas (State Bar No. 271038)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4003
Telephone: 310.277.6910
Facsimile: 310.201.0760
E-mail: jdulberg@pszjlaw.com
jlucas@pszjlaw.com

Attorneys for Bradley D. Sharp,
Liquidation Trustee of the Klein Creditors' Liquidation Trust

FILED & ENTERED

SEP 15 2026

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY ghaltchi DEPUTY CLERK

CHANGES MADE BY COURT

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>LESLIE KLEIN,<br><br>Debtor. | Case No.: 23-10990-NB<br><br>Adv. Case No.: 2:25-ap-01020-NB<br><br>Chapter 11 |
| BRADLEY D. SHARP, Liquidation Trustee,<br><br>Plaintiff,<br><br>v.<br><br>LIFE CAPITAL GROUP, LLC, a limited liability company, SHLOMO Y. RECHNITZ, individually and as a member of LIFE CAPITAL GROUP, LLC, YISROEL ZEV RECHNITZ, an individual, CHAIM MANELA, an individual, JONATHAN POLTER, an individual and as a manager of LIFE CAPITAL GROUP, and SECURITY LIFE OF DENVER LIFE INSURANCE COMPANY,<br><br>Defendants. | **ORDER DENYING DEFENDANTS LIFE CAPITAL GROUP, LLC AND JONATHAN POLTER'S MOTION TO COMPEL LIQUIDATING TRUSTEE'S COMPLIANCE WITH ARBITRATION ORDERS AND FOR ISSUANCE OF AN ORDER TO SHOW CAUSE WHY BRADLEY D. SHARP, LIQUIDATING TRUSTEE, SHOULD NOT BE HELD IN CONTEMPT OF THE COURT'S ARBITRATION ORDERS AND WHY SANCTIONS SHOULD NOT BE IMPOSED**<br><br>Date: September 8, 2026<br>Time: 2:00 p.m.<br>Place: Courtroom 1545<br>255 E. Temple Street<br>Los Angeles, CA 90012<br><br>[Relates to Docket Nos. 115, 119 and 120] |

A hearing was held on September 8, 2026 at 2:00 p.m. in Courtroom 1545, 255 East Temple Street, Los Angeles, California 90012 before the Honorable Neil W. Bason for the Court to consider and act upon *Defendants Life Capital Group, LLC and Jonathan Polter's Motion to Compel Liquidating Trustee's Compliance With Arbitration Orders and for Issuance of an Order to Show*

Case 2:26-cv-01522-GW Document 1 Filed 09/28/26 Page 5 of 16 Page ID #:5



*Cause Why Bradley D. Sharp, Liquidating Trustee, Should Not Be Held in Contempt of the Court's Arbitration Orders and Why Sanctions Should Not Be Imposed* [Docket No. 115] (the "Motion"). Appearances were as noted on the record.

Based upon the record, the opposition to the Motion filed by plaintiff, Bradley D. Sharp, the Liquidation Trustee of the Klein Creditors' Liquidation Trust [Docket No. 119] (the "Opposition"), Life Capital Group, LLC and Jonathan Polter's reply to the Opposition [Docket No. 120], the reasons set forth by the Court on the record at the hearing and the attached tentative ruling, which is incorporated as the actual ruling, and good cause appearing therefor,

**IT IS HEREBY ORDERED:**

1. The Motion is DENIED.

###

Date: September 15, 2026

Neil W. Bason
United States Bankruptcy Judge

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Neil Bason, Presiding**
**Courtroom 1545 Calendar**

**Tuesday, September 8, 2026** **Hearing Room 1545**

2:00 PM
**2:23-10990 Leslie Klein** **Chapter 11**
Adv#: 2:25-01020 Sharp v. Life Capital Group, LLC et al

**#7.00** Cont'd Status Conference re: Complaint (1) Constructive Fraudulent Transfer; (2) Constructive Fraudulent Transfer; (3) Recovery of Constructive Fraudulent Transfers; (4) Accounting; (5) Breach of Contract; (6) Injunction; (7) Avoidance of Preference- Rechnitz; (8) Recovery of Preference-Rechnitz; (9) Avoidance of Preference-Y.Rechnitz; (10) Recovery of Preference-Y. Rechnitz; (11) Avoidance of Preference - Manela; (12) Recovery of Preference - Manela
fr. 4/8/25, 5/6/25, 6/24/25, 8/5/25, 8/12/25, 10/21/25, 01/20/26, 4/21/26, 06/30/26,
07/28/26

Docket 1

**Tentative Ruling:**

**Tentative Ruling for 9/8/26:**
Deny the motion to compel arbitration and continue the status conference as set forth below. Appearances required.

If you are making an appearance, you may do so (1) in person in the courtroom, unless the Court has been closed (check the Court's website for public notices), (2) via ZoomGov video, or (3) via ZoomGov telephone. For ZoomGov instructions for all matters on calendar, please see page 1 of the posted Tentative Rulings.

(1) Current issues
(a) Motion to compel Liquidating Trustee's compliance with arbitration orders and for issuance of an order to show cause ("OSC") re contempt and sanctions (adv. dkt. 115, "Motion to Compel") filed by Defendants Life Capital Group, LLC ("Life Capital") and Jonathan Polter ("Polter"); Joinders of Defendants Shlomo ("Shlomo") and Yisroel "Steve" Rechnitz (with Shlomo, the "Rechnitzs") (adv. dkt. 116) and Chaim Manela ("Manela") (adv. dkt. 117),

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Neil Bason, Presiding**
**Courtroom 1545 Calendar**

**Tuesday, September 8, 2026** **Hearing Room 1545**

2:00 PM
**CONT...** **Leslie Klein** **Chapter 11**

Plaintiff/Trustee's opposition (adv. dkt. 119), Life Capital/Polter's reply (adv. dkt. 120), Rechnitzs' joinder/reply (adv. dkt. 121)

Liquidating Trustee's Complaint (adv. dkt. 1) seeks to avoid and recover as preferences $500,000.00 transferred to Shlomo,* $350,000.00 to Steve,* and $600,000.00 to Manela. *See id.* p. 8:14-16. It appears that other claims are no longer at issue.

*<u>Note</u>: The use of first names and a nickname for Shlomo and Steve is solely for ease of identification. No disrespect is intended.

As a preliminary matter, the tentative ruling is that although there is no such thing as a "joinder" in federal practice, nevertheless this Court can treat each joinder as a separate motion (and, if that results in a shortened briefing schedule, the tentative ruling is that any slightly shortened time is appropriate under Rule 9006(c) (Fed. R. Bankr. P.)). As to Manela and Steve,* however, the tentative ruling is that Liquidating Trustee is correct that they lack standing to enforce the agreement to arbitration contained within a contract to which they are not parties, so any "joinder" or motion by them must be denied on that basis. *See* Opp. (adv. dkt. 119) pp. 18:11-23.

The tentative ruling is to deny the Motion to Compel as follows. Life Capital/Polter and the Rechnitzs argue that a full accounting would show that Debtor owed more money to Life Capital or Shlomo* than they owed to Debtor, and therefore a contractual accounting under nonbankruptcy law is required before Liquidating Trustee can prove the elements of his preference claims (at least as to Shlomo), including (A) the "interest of the debtor in property" (11 U.S.C. 547(b)), because "property" interests are determined under nonbankruptcy law, (B) an "antecedent debt" (11 U.S.C. 547(b)(2)), for the same reason. They assert that this nonbankruptcy contractual accounting falls within this Court's prior orders compelling arbitration. *See* Orders (adv. dkt. 91, 92).

But the tentative ruling is that, because Liquidating Trustee has now acceded to the accounting in the Settlement Agreement, there is no such contractual accounting required for the preference claims. Shlomo, as a signatory to the Settlement Agreement, is bound by its accounting of what is or is not owed to whom. *See* Settlement Agreement (Ex. 3 to original Motion to Compel (adv. dkt. 23, at PDF pp. 74-82).

In other words, when transfers were made by Life Capital, pursuant to the Settlement Agreement, of funds that the signatories agreed were owed to Debtor, they had already agreed that this was a transfer of property in which

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Neil Bason, Presiding**
**Courtroom 1545 Calendar**

**Tuesday, September 8, 2026** **Hearing Room 1545**

2:00 PM
**CONT...** **Leslie Klein** **Chapter 11**

Debtor had an interest. They had also agreed that these transfers were on account of an antecedent debt owed by Debtor to his lenders. They cannot disregard that Settlement Agreement and compel arbitration of previously disputed matters that they already settled.

Alternatively, and in addition, the tentative ruling is that the same parties are also bound by the terms of the Life Capital Operating Agreement that payments by Life Capital to persons who were Lenders to Debtor "will be treated as distributions by [Life Capital] to [Debtor] and subsequently transferred by [Debtor] to the Lenders." Section 4.6 of Operating Agreement (quoted in Opp., adv. dkt. 119, p. 11:18-24). Under applicable nonbankruptcy law, the transfers were of an interest of Debtor in property, namely his interest in distributions from Life Capital.

Moreover, the foregoing tentative ruling is reinforced by the plain meaning of the Operating Agreement. Why else would Life Capital be paying the debts of Debtor, if not on account of distributions owed to Debtor?

For all of these reasons, the tentative ruling is to deny the Motion to Compel, and the "joinders" by various persons. In other words, the predicates for this Court's prior Orders compelling arbitration (adv. dkt. 91, 92) no longer apply, so supplemental Orders are appropriate to clarify that arbitration is no longer required.

> *Note*: This Court recognizes that in making tentative rulings on the arbitration issues it may have effectively made rulings on many of the underlying preference issues. That appears to be unavoidable.
>
> The tentative ruling is that it is neither necessary nor appropriate to compel arbitration on the issue of attorney fees. The parties' litigation before this Court has been about bankruptcy issues, and this Court is best situated to assess, at an appropriate time, which party(ies) are "prevailing" (in whole or in part) and what attorney fees are reasonable/properly awarded.

Proposed order(s): Unless otherwise ordered, Liquidating Trustee is directed to lodge proposed order(s) on the matter(s) addressed here via LOU within 7 days after the hearing date (per LBR 9021-1(b)(1)(B)) and attach a copy of this tentative ruling, thereby incorporating it as this Court's actual ruling.

(2) Standard requirements

The following are Judge Bason's standard requirements for status

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Neil Bason, Presiding**
**Courtroom 1545 Calendar**

**Tuesday, September 8, 2026** **Hearing Room 1545**

2:00 PM
**CONT... Leslie Klein** **Chapter 11**

conferences. (To the extent that the parties have already addressed these issues in their status report, they need not repeat their positions at the status conference.)

(a) Venue/jurisdiction/authority

The parties are directed to address any outstanding matters of (a) venue, (b) jurisdiction, (c) this Bankruptcy Court's authority to enter final orders or judgment(s) in this proceeding and, if consent is required, whether the parties do consent, or have already expressly or impliedly consented. *See generally Stern v. Marshall*, 131 S.Ct. 2594, 2608 (2011) (if litigant "believed that the Bankruptcy Court lacked the authority to decide his claim…then he should have said so – and said so promptly."); *Wellness Int'l Network, Ltd. v. Sharif*, 135 S.Ct. 1932 (2015) (consent must be knowing and voluntary but need not be express); *In re Bellingham Ins. Agency, Inc.*, 702 F.3d 553 (9th Cir. 2012) (implied consent), *aff'd on other grounds*, 134 S. Ct. 2165 (2014); *In re Pringle*, 495 B.R. 447 (9th Cir. BAP 2013) (rebuttable presumption that failure to challenge authority to issue final order is intentional and indicates consent); *In re Deitz,* 760 F.3d 1038 (9th Cir. 2014) (authority to adjudicate nondischargeability encompasses authority to liquidate debt and enter final judgment). *See generally In re AWTR Liquidation, Inc.*, 548 B.R. 300 (Bankr. C.D. Cal. 2016).

(b) Mediation [Intentionally omitted]

(c) Deadlines

This adversary proceeding has been pending since 1/23/25.

Pursuant to LBR 9021-1(b)(1)(B), plaintiff is directed to lodge a proposed order via LOU within 7 days after the status conference, attaching a copy of this tentative ruling or otherwise memorializing the following.

Joinder of parties/amendment of pleadings-deadline: TBD
Discovery cutoff (for *completion* of discovery): TBD
Expert(s) - deadline for reports: TBD
Expert(s) - discovery cutoff (if different from above): TBD
Dispositive motions to be heard no later than: TBD
Joint Status Report: 10/20/26
Continued status conference: 11/3/26 at 11:00 a.m.
Lodge Joint Proposed Pretrial Order: TBD

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Neil Bason, Presiding**
**Courtroom 1545 Calendar**

**Tuesday, September 8, 2026** **Hearing Room 1545**

2:00 PM
**CONT...** **Leslie Klein** **Chapter 11**

Pretrial conference: TBD

Deliver trial exhibits to other parties and chambers, including direct testimony by declaration unless excused: TBD

Trial commencement: TBD

**Tentative Ruling for 6/30/26 [excerpts]:**
* * *

(1) Current issues

This Court has reviewed the parties' recent status reports (adv. dkt. 107-110) and the other documents and records in this adversary proceeding. One status report states:

> On June 9, 2026, counsel to LCG [Defendant Life Capital Group, LLC] indicated that it would not object to the Liquidating Trustee's waiver of the fraudulent transfer claims but that such waiver would not obviate the need for the arbitration before the Rabbinical Counsel [the "RCC"]. On June 9, 2026, counsel to the Liquidating Trustee called LCG's counsel to ascertain *what else could be subject to the arbitration if the Liquidating Trustee waived the fraudulent transfer claims*. The Liquidating Trustee's counsel was informed that *LCG believes this Court ordered the parties to arbitrate the preference claims that arise under section 547* of the Bankruptcy Code. [Liquidating Trustee Stat. Rpt. (adv. dkt. 108) p. 3:12-18 (emphasis added).]

This Court is puzzled by both of the emphasized phrases above. This Court's Order (adv. dkt. 91) granting in part a motion by LCG (and Jonathan Polter) to compel arbitration clearly states that (i) the arbitration is "necessary" to interpret the LLC Agreement not only (x) for purposes of the fraudulent transfer claims but also (y) for purposes of the preference claims (contrary to the Liquidating Trustee's apparent position) and (ii) the arbitrator "shall not arbitrate the fraudulent transfer and/or preferential transfer causes of action" (contrary to the reported position of LCG). That Order states:

> For the avoidance of doubt, and as stated in Tentative Ruling, the *RCC shall arbitrate the parties' interpretations of the LLC Agreement* as described above *which is **necessary** for the Bankruptcy Court to determine* whether "Plaintiff/Trustee could establish a proper basis to proceed on his fraudulent *and*

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Neil Bason, Presiding**
**Courtroom 1545 Calendar**

**Tuesday, September 8, 2026** **Hearing Room 1545**

2:00 PM
**CONT...** **Leslie Klein** **Chapter 11**

> ***preferential transfer claims***" as alleged in the Amended Complaint (adv. dkt. 83), but *shall **not arbitrate** the fraudulent and/or **preferential transfer** causes of action* asserted in the Amended Complaint. [Order (adv. dkt. 91) p. 3:18-24 (emphasis added).]

This Court's reasoning is explained in the adopted tentative ruling, attached to that Order, which states in part:

> Although it is unclear what Plaintiff/Trustee's basis is for asserting that Mr. Rechnitz is not entitled to repayment of the $3.8 million, plus 12% interest, in view of the Sections 3.1, 4.3(a) and Ex. A of the LLC Agreement (adv. dkt. 26, at PDF pp. 39, 41 & 63), or what Plaintiff/Trustee's basis is to dispute the reimbursement of Mr. Rechnitz's administrative expenses payments, plus interest (*e.g.,* was there double counting? improper expense charges?, etc.), *it appears that the "center of gravity" of the parties' dispute starts with their differing interpretations regarding the implementation of the LLC Agreement*, which is a *contract dispute*. The tentative ruling is that it is *only after Plaintiff/Trustee can establish that his interpretation is correct* (*i.e.,* that Mr. Rechnitz was not entitled to receive payment on account of the $3.8 million and administrative expenses, plus interest), that Plaintiff/Trustee could establish a proper basis to proceed on his fraudulent *and preferental transfer* claims. [Order (adv. dkt. 91) p. 6:20-28 (emphasis added).]
>
> * * *
>
> The tentative ruling is that *the preference claims depend, to at least some extent, on the contractual analysis*. ... The foregoing tentative rulings as to the preference issues are reinforced by the *questions that Defendants have raised about whether the funds that were transferred really were Debtor's property, as a contractual matter* or under applicable *nonbankruptcy law*. [Order (adv. dkt. 91) p. 7:4-8 (emphasis added).]

To illustrate, how can this Court assess whether there is an "antecedent debt" (11 U.S.C. 547(b)(2)) that was paid by Debtor's settlement of his prior lawsuit against Defendant(s) without knowing whether, under the contractual agreement (the LLC Agreement), Debtor as a matter of contract interpretation did or did not owe anything to Defendant(s)? Likewise, how can

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Neil Bason, Presiding**
**Courtroom 1545 Calendar**

**Tuesday, September 8, 2026** **Hearing Room 1545**

2:00 PM
**CONT...** **Leslie Klein** **Chapter 11**

this Court assess whether Defendant(s) received more than they would have received in a hypothetical chapter 7 case (11 U.S.C. 547(b)(5)) without knowing whether Defendant(s) received property that belonged to Debtor as a matter of contract interpretation?

The tentative ruling is to direct the parties to proceed with the RCC arbitration, and if any party refuses or fails to do so, other parties may seek appropriate relief, either by filing appropriate motions with this Court or, possibly, by starting with asking this Court at a status conference to set a briefing schedule. All rights are reserved.

(2) Standard requirements

The following are Judge Bason's standard requirements for status conferences. (To the extent that the parties have already addressed these issues in their status report, they need not repeat their positions at the status conference.)

(a) Venue/jurisdiction/authority

This Court previously ruled that venue is proper and that this Court has jurisdiction (per a tentative ruling posted prior to the hearing on 4/8/25, which was not contested). Defendants have indicated that they do not consent to this Court's authority to enter a *final* order or judgment (adv. dkt. 25, p. 9), so this Court must issue proposed findings of fact and conclusions of law unless an exception applies, such as for dispositive motions that do not require factual findings (*e.g.,* motions to dismiss and/or motions for summary judgment). *See In re AWTR Liquidation, Inc.*, 547 B.R. 831 (Bankr. C.D. Cal. 2016).

(b) Mediation

Mediation was held on 2/24/26 and did not result in a resolution. Adv. dkt. 106, p. 2.

(c) Deadlines

This adversary proceeding has been pending since 1/23/25.

The scheduled deadlines and/or hearing/trial date(s) have been memorialized in this Court's written order (adv. dkt. 96) except as modified/supplemented below.

Joinder of parties/amendment of pleadings-deadline: TBD

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Neil Bason, Presiding**
**Courtroom 1545 Calendar**

**Tuesday, September 8, 2026** **Hearing Room 1545**

2:00 PM
**CONT...** **Leslie Klein** **Chapter 11**

Discovery cutoff (for *completion* of discovery): TBD
Expert(s) - deadline for reports: TBD
Expert(s) - discovery cutoff (if different from above): TBD
Dispositive motions to be heard no later than: TBD
Joint Status Report: N/A
Continued status conference: contemporaneous with the continued status conference in the bankruptcy case in chief (see Calendar No. 1, on 6/30/26 at 2:00 p.m.). No written status report required.
Lodge Joint Proposed Pretrial Order: TBD
Pretrial conference: TBD
Deliver trial exhibits to other parties and chambers, including direct testimony by declaration unless excused: TBD
Trial commencement: TBD

**[PRIOR TENTATIVE RULING(S) OMITTED]**

**Party Information**

**Debtor(s):**

| | |
|---|---|
| Leslie Klein | Pro Se |

**Defendant(s):**

| | |
|---|---|
| Life Capital Group, LLC | Represented By<br>Michael G D'Alba<br>Beth Ann R. Young |
| Shlomo Y. Rechnitz | Represented By<br>Matthew A Lesnick<br>Lisa Patel |
| Yisroel Zev Rechnitz | Represented By<br>Matthew A Lesnick<br>Lisa Patel |
| Chaim Manela | Represented By<br>Matthew D. Resnik<br>M. Jonathan Hayes |
| Jonathan Polter | Represented By |

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Neil Bason, Presiding**
**Courtroom 1545 Calendar**

**Tuesday, September 8, 2026** **Hearing Room 1545**

2:00 PM
**CONT...** **Leslie Klein** **Chapter 11**

Michael G D'Alba
Beth Ann R. Young

Security Life Of Denver Life — Pro Se

**Plaintiff(s):**

Bradley D. Sharp — Represented By
John W Lucas
Jeffrey W Dulberg

**Trustee(s):**

Bradley D. Sharp (TR) — Represented By
Jeffrey W Dulberg
Jeffrey N Pomerantz
John W Lucas
Jeffrey P Nolan
Pachulski Stang Ziehl & Jones LLP

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Neil Bason, Presiding**
**Courtroom 1545 Calendar**

**Tuesday, September 8, 2026** **Hearing Room 1545**

2:00 PM
**2:23-10990 Leslie Klein** **Chapter 11**
Adv#: 2:25-01020 Sharp v. Life Capital Group, LLC et al

**#8.00** Hrg re: Defendants Life Capital Group, LLC and Jonathan Polter's Motion to Compel Liquidating Trustee's Compliance with Arbitration Orders [Adv. Dkt. 91 And 92] and for Issuance of an Order to Show Cause Why Bradley D. Sharp, Liquidating Trustee, Should Not Be Held in Contempt of the Court's Arbitration Orders and Why Sanctions Should Not Be Imposed

Docket 115

**Tentative Ruling:**

Please see the tentative ruling for the status conference (Calendar No. 7, 9/8/26 at 2:00 p.m.).

**Party Information**

**Debtor(s):**

| | |
|---|---|
| Leslie Klein | Pro Se |

**Defendant(s):**

| | |
|---|---|
| Life Capital Group, LLC | Represented By<br>Michael G D'Alba<br>Beth Ann R. Young |
| Shlomo Y. Rechnitz | Represented By<br>Matthew A Lesnick<br>Lisa Patel |
| Yisroel Zev Rechnitz | Represented By<br>Matthew A Lesnick<br>Lisa Patel |
| Chaim Manela | Represented By<br>Matthew D. Resnik<br>M. Jonathan Hayes |
| Jonathan Polter | Represented By<br>Michael G D'Alba |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2818 La Cienega Avenue, Los Angeles, CA 90034.

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF APPEAL AND STATEMENT OF ELECTION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **September 28, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Jeffrey W Dulberg jdulberg@pszjlaw.com
- M. Jonathan Hayes jhayes@rhmfirm.com, matt@rhmfirm.com;rosario@rhmfirm.com;gabriela@rhmfirm.com;sloan@rhmfirm.com
- Matthew A Lesnick matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com;porpe@lesnickprince.com
- John W Lucas jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- Lisa Patel lpatel@lesnickprince.com, jmack@lesnickprince.com;porpe@lesnickprince.com;lpatel@ecf.courtdrive.com
- Matthew D. Resnik matt@rhmfirm.com, roksana@rhmfirm.com;russ@rhmfirm.com;sloan@rhmfirm.com;susie@rhmfirm.com;priscilla@rhmfirm.com;rebeca@rhmfirm.com;rosario@rhmfirm.com;gabriela@rhmfirm.com;lesley@rhmfirm.com
- Bradley D. Sharp (TR) bsharp@dsi.biz
- Nikko Salvatore Stevens nikko@cym.law, eService@cym.law,karen@cym.law,sarah@cym.law,grace@cym.law,kate@cym.law
- United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov

**2. SERVED BY UNITED STATES MAIL**: On (*date*) **September 28, 2026**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

None.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **September 28, 2026**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

None.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 28, 2026 | D. Woo | /s/ D. Woo |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |