**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LIFE CAPITAL GROUP, LLC<br>Appellant(s),<br>v.<br>BRADLEY D. SHARP<br>Appellee(s). | Case No. 2:26−cv−11522−CV<br><br>**STANDING ORDER FOR CIVIL CASES ASSIGNED TO JUDGE VALENZUELA** |

**PLEASE READ THIS ORDER CAREFULLY. IT GOVERNS THE CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES, WHEN CONSULTING THE COURT'S CIVIL STANDING ORDER, PLEASE BE SURE TO USE THE MOST UPDATED VERSION LOCATED ON JUDGE VALENZUELA'S WEBPAGE.** [1] Counsel for Plaintiff(s) shall serve serve this order immediately on all parties and/or their attorney(s), including any new parties to the action. If this action has been removed from the state court, the defendant who removed the action shall serve this order on all other parties.

---

[1]Judge Valenzuela's webpage can be found at https://www.cacd.uscourts.gov/honorable-cynthia-valenzuela

## CONTENTS

**I. INTRODUCTION.......... 3**
A. Civility and Professionalism.......... 3
B. *Pro Se* Litigants (people without an attorney).......... 4
C. Consent to Magistrate Judge for Entire Civil Case.......... 5
D. Service of the Complaint.......... 5
E. Removed Actions.......... 5
F. Status of Fictitiously Named Defendants.......... 5
G. Counsel Calendar Conflicts.......... 6

**II. DISCOVERY.......... 6**
A. Discovery Matters Referred to United States Magistrate Judge.......... 6
B. Compliance with Federal Rule of Civil Procedure 26(a).......... 7

**III. MOTIONS − GENERAL REQUIREMENTS.......... 7**
A. Time for Filing and Hearing Motions.......... 7
B. Pre-Filing Requirement to Meet and Confer.......... 8
C. Length and Format of Motion Papers.......... 9
D. Citations to Case Law.......... 9
E. Citations to Other Sources.......... 9
F. Oral Argument.......... 10

**IV. SPECIFIC MOTION REQUIREMENTS.......... 10**
A. Motions Pursuant to Federal Rule of Civil Procedure 12.......... 10
B. Motions to Amend.......... 10
C. Motions for Class Certification.......... 11
D. Motions for Default Judgment.......... 11
E. Summary Judgment Motions.......... 11
F. Motions *In Limine*.......... 11
G. *Daubert* Motions.......... 11
H. Motions for Attorneys Fees.......... 11
I. PLRA Exhaustion Motions.......... 13
J. ERISA Cases (Benefits Claims).......... 13

**V. ADDITIONAL REQUIREMENTS.......... 13**
A. Electronic Filing.......... 13
B. Documents with Declarations, Exhibits, and other Attachments.......... 14
C. Proposed Orders.......... 14
D. Mandatory Chambers Copies.......... 14
E. Filing Under Seal.......... 15
F. Appearance at Hearings.......... 16
G. *Ex Parte* Applications.......... 16
H. Continuances.......... 17
I. Communications with Chambers.......... 18
J. Order Setting Scheduling Conference.......... 18
K. Settlement Conference / Alternative Dispute Resolution (“ADR”).......... 18

## I. INTRODUCTION

This action has been assigned to the calendar of United States District Judge Cynthia Valenzuela. Both the Court and counsel bear responsibility for the progress of this action. To "secure the just, speedy, and inexpensive determination" of the action, Fed. R. Civ. P. 1, all parties or their counsel, including *pro se* (people without an attorney) litigants,[2] are ordered to be familiar with the Federal Rules of Civil Procedure, the Local Rules of the Central District of California ("Local Rules"), and this Court's standing orders, online procedures, and schedules.

### A. Civility and Professionalism

As set forth in the preamble to the Central District of California's Civility and Professionalism Guidelines, "[u]ncivil behavior does not constitute effective advocacy; rather, it serves to increase litigation costs and fails to advance the client's lawful interests. Perhaps just as importantly, this type of behavior causes the public to lose faith in the legal profession and its ability to benefit society. For these reasons, . . . civility and professionalism among advocates, between lawyer and client, and between bench and bar are essential to the administration of justice."

All counsel who appear in this action must immediately review and comply with the Civility and Professionalism Guidelines, which can be found on the Court's website at http://www.cacd.uscourts.gov/attorneys/admissions/civility-and-andprofessionalism-guidelines. At a minimum, the Court expects the following from counsel: (1) being punctual and prepared for all Court appearances; (2) being civil and respectful in all oral and written communications with the Court, court personnel, and other parties; (3) refraining from interrupting any person in the courtroom when that person is speaking; (4) refraining from making gestures, facial expressions, or audble comments indicating approval or disapproval of

---

[2] Parties appearing *pro se* must comply with the Federal Rules of Civil Procedure and the Local Rules. *See* Local Rules 1-3 and 83-2.2.3.

testimony or argument; and (5) being considerate of the time constraints and pressures on the Court and Court staff inherent in their efforts to administer justice.

**B. *Pro Se* Litigants (people without an attorney)**

Only individuals may represent themselves. A corporation or other entity must be represented by counsel. If counsel seeks to withdraw, counsel must advise the entity of the dire consequences of failing to obtain substitute counsel before seeking withdrawal−i.e., a plaintiff entity's case will be dismissed or a defendant entity will default. *See* Local Rule 83-2.3.4.

The following links may be helpful to *pro se* litigants: (a) General information on how parties may represent themselves in civil cases in the Central District of California can be found at http://prose.cacd.uscourts.gov/; (b) Local Civil Rules for the Central District of California can be found at http://www.cacd.uscourts.gov/court-procedures/local-rules; (c) Federal Rules of Civil Procedure can be found at https://www.law.cornell.edu/rules/frcp.

Parties proceeding *pro se* often face special challenges in federal court. The Public Service Law Corporation runs a free Federal *Pro Se* Clinic at the following federal courthouses where *pro se* litigants can get information and guidance:

(1) Roybal Federal Building and Courthouse, 255 East Temple Street, Suite 170, Los Angeles, California 90012. For more information, *pro se* litigants may call (213) 385-2977, ext. 270, or visit http://prose.cacd.uscourts.gov/los-angeles.

(2) George E. Brown Federal Building, 3470 Twelfth Street, Room 125, Riverside, CA 92501. For more information, *pro se* litigants may call (951) 682-7968 or visit http://prose.cacd.uscourts.gov/riverside.

(3) Ronald Reagan Federal Building and United States Courthouse, 411 W. 4th Street, Room 1055, Santa Ana, CA 92701. For more information, *pro se* litigants may call (714) 541-1010, ext. 222, or visit http://prose.cacd.uscourts.gov/santa-ana.

### C. Consent to Magistrate Judge for Entire Civil Case

The parties may consent to have a Magistrate Judge preside over the entire civil case, including trial, rather than just discovery. The parties are free to select from among all Magistrate Judges available for this purpose, not just the Magistrate Judge assigned to the parties' case. If the parties agree to consent to proceed before a Magistrate Judge, the parties should consult the Central District website https://www.cacd.uscourts.gov/judges-requirements/court-programs/voluntary-consent-magistrate-judges) for the list of available Magistrate Judges and should submit the appropriate consent form.

### D. Service of the Complaint

Plaintiff shall promptly serve the complaint in accordance with Fed. R. Civ. P. 4 and file the proofs of service pursuant to Local Rule 5-3.1. Any defendant not timely served under Fed. R. Civ. P. 4(m), including "Doe" or fictitiously named defendants, shall be dismissed from the action.

### E. Removed Actions

All documents filed in state court, including documents appended to the complaint, answers, and motions, must be re-filed in this Court as a supplement to the notice of removal. *See* 28 U.S.C. § 1447(a) and (b). Any pending motions must be re-noticed in accordance with Local Rule 7. Counsel shall file with his or her first appearance a Notice of Interested Parties in accordance with Local Rule 7.1-1.

If an action removed to this Court contains a state court Judicial Council form pleading (i.e., a pleading in which a party selects claims or defenses by checking boxes), the party that filed the form pleading must file a revised pleading that complies with Fed. R. Civ. P. 7, 7.1, 8, 9, 10 and 11, within thirty (30) days of receipt of the Notice of Removal.

### F. Status of Fictitiously Named Defendants

Plaintiff must identify and serve any fictitiously named or Doe defendant(s) before the deadline set forth in the Court's Order Setting Scheduling Conference.

Before moving to substitute a defendant for a Doe defendant, plaintiff must seek the consent of counsel for all defendants, including counsel for a represented Doe defendant. If denied consent, plaintiff must file a regularly noticed motion. In diversity cases, plaintiff's motion must address whether the addition of the newly named party destroys diversity jurisdiction. *See* 28 U.S.C. § 1447(c), (e).

**G. Counsel Calendar Conflicts**

The Court expects that counsel will conduct themselves professionally and will not deliberately schedule any proceeding when counsel of record are unavailable. If any counsel discovers a calendar conflict with a scheduled appearance, counsel must inform opposing counsel and the Court's courtroom deputy (CRD) via Chambers email at CV_Chambers@cacd.uscourts.gov.

If the conflict is with another hearing before a judge in the Central District of California Western Division, counsel shall notify the CRD for each judge as soon as possible and not later than three (3) days before the scheduled appearance. Counsel should appear before the most senior judge first and request priority.

For all other conflicts, Counsel should attempt to agree on a new date to accommodate the calendar conflict. Counsel must propose a new date by Stipulation and Proposed Order as soon as possible and not later than three (3) days before the scheduled appearance. A "Notice of Unavailability" has no legal effect and should not be filed.

## II. DISCOVERY

**A. Discovery Matters Referred to United States Magistrate Judge**

All discovery matters are hereby referred to the assigned Magistrate Judge, who will hear all discovery disputes. All discovery-related documents must include the words "DISCOVERY MATTER" in the caption to ensure proper routing. Counsel are directed to follow the Magistrate Judge's procedures for scheduling matters for hearing. These procedures are stated on each Magistrate Judge's webpage. In accordance with 28 U.S.C. § 636(b)(1)(A), the Magistrate Judge's

decision shall be final, and this Court will not reverse any order of the Magistrate Judge unless it has been shown that the Magistrate Judge's order is clearly erroneous or contrary to law. *See* Local Rule 72-2.

**B. Compliance with Federal Rule of Civil Procedure 26(a)**

The Court allows discovery to commence as soon as the first answer or motion to dismiss is filed. The parties should note that, unless otherwise ordered, **discovery shall not be stayed** while any motion is pending, including any motion to dismiss, motion for protective order or motion to stay. **The parties are directed to conduct any necessary discovery as soon as possible, as the Court is not inclined to grant any extensions of the discovery or other case-related deadlines.**

Unless there is a likelihood that, upon motion by a party, the Court would order that discovery be stayed, the parties should begin to propound discovery before the Scheduling Conference. The parties must comply fully with the letter and spirit of Fed. R. Civ. P. 26(a) and produce discovery promptly. At the Scheduling Conference, the Court will impose deadlines governing the completion of discovery.

**III. MOTIONS − GENERAL REQUIREMENTS**

**A. Time for Filing and Hearing Motions**

Motions shall be filed in accordance with Local Rules 6 and 7. The Court hears motions in civil actions on Fridays, beginning at 1:30 p.m. It is not necessary to clear a hearing date with the Courtroom Deputy Clerk before filing a motion, except for motions for summary judgment, temporary restraining orders, or motion for a preliminary injunctions. The parties must adhere to the briefing schedule set forth in Local Rules 7-9 and 7-10, and the schedule in Judge Valenzuela's Order re Motion for Summary Judgment for Fed. R. Civ. P. 56 motions, to afford the Court adequate time to prepare for the hearing. If the motion hearing date selected is not available, the Court will issue an order continuing the hearing. Professional

courtesy dictates, and the Court fully expects, the parties will accommodate each other's schedules, including vacations and holidays, whenever possible. The parties should not calendar a matter on a Friday that is a Court holiday. If this occurs, the Court will re-calendar the matter for another Friday.

**B. Pre-Filing Requirement to Meet and Confer**

Counsel must comply with Local Rule 7-3, which requires counsel to engage in a pre-filing conference "to discuss thoroughly ... the substance of the contemplated motion and any potential resolution." Counsel must meet and confer in person or by telephone or videoconference; an exchange of written correspondence is insufficient. Counsel shall discuss the issues to a sufficient degree that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the Court. Counsel shall resolve minor procedural or other non-substantive matters during the conference. The Court may strike or deny a motion if counsel fail to meet and confer in good faith.

The Notice of Motion must include a statement of compliance with Local Rule 7-3. In addition, if the parties are unable to reach a resolution that eliminates the necessity for a hearing, counsel for the moving party must include a declaration, under penalty of perjury, that sets forth at a minimum the date(s) the conference took place and the position of each party with respect to each disputed issue that will be the subject of the motion. Failure to include such a declaration may result in the motion being denied.

The following are exempted from Local Rule 7-3 and the pre-filing requirements to meet and confer set forth in this subsection III.B: (1) cases where at least one party is appearing *pro se*; (2) cases listed as exempt in Local Rule 16-12, (3) discovery motions governed by Local Rules 37-1 through 37-4, (4) applications under Fed. R. Civ. P. 65 for temporary restraining orders or preliminary injunctions, and (5) motions to retax costs under Local Rule 54-2.5.

**C. Length and Format of Motion Papers**

Unless otherwise stated by the Court, memoranda of points and authorities in support of or in opposition to motions shall not exceed twenty-five (25) pages. Replies shall not exceed fifteen (15) pages.[3] Only rarely and for good cause shown will the Court grant an application to extend these page limitations. Pursuant to Local Rule 11-3.1.1, either a proportionally spaced or monospaced face may be used. Typeface shall comply with Local Rule 11-3.1.1. Times New Roman font must be no less than 14 point; Courier font must be no less than 12 point. Footnotes shall be in the same font and the same size as the body of the memorandum. Counsel shall adhere to Local Rule 5-4.3 with respect to the conversion of all documents to .pdf format so that when a document is electronically filed, it is in proper size and is .pdf searchable. Further, all documents shall be filed in a format so that text can be selected, copied, and pasted directly from the document. *See* Local Rule 5-4.3.1.

**D. Citations to Case Law**

Bluebook style is required. Citations to case law must identify not only the case cited, but the specific page referenced. For example, if a quotation is presented, the associated page citation shall be provided. Similarly, if a case is cited in support of a proposition based on language in the opinion, the page on which such language appears shall be provided.

**E. Citations to Other Sources**

Bluebook style is required. Statutory references must identify with specificity the sections and subsections referenced. Citations to treatises, manuals, and other materials should include the volume, section, and pages being referenced.

---

[3] See Judge Valenzuela's Order Re: Motions for Summary Judgment regarding the length and format of motions for summary judgment.

Citations to prior filings in the same action shall include the docket entry number, section, and pages referenced.

**F. Oral Argument**

If the Court deems a matter appropriate for decision without oral argument, the Court will take the matter under submission and notify the parties before the hearing.

## IV. SPECIFIC MOTION REQUIREMENTS

**A. Motions Pursuant to Federal Rule of Civil Procedure 12**

Many motions to dismiss or strike can be avoided if the parties confer in good faith as required by Local Rule 7-3, especially for perceived defects in a complaint, answer, or counterclaim that can be corrected by amendment. *See Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996) (where a motion to dismiss is granted, a district court should grant leave to amend unless it is clear the complaint cannot be saved by amendment). Moreover, a party has the right to amend the complaint "once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Even after a complaint has been amended or a responsive pleading has been served, leave to amend shall be "freely give[n]... when justice so requires." Fed. R. Civ. P. 15(a)(2). Indeed, the Ninth Circuit requires the policy favoring amendment to be applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Thus, parties should carefully consider and weigh an opponent's contentions as to the deficiencies in a pleading. In most instances, the parties should agree to any amendment that would cure the defect.

**B. Motions to Amend**

In addition to the requirements of Local Rule 15-1, all motions to amend pleadings shall include "clean" and "redlined" versions of the proposed amended

pleading, identifying all additions and deletions of material, as attachments to the moving papers.

**C. Motions for Class Certification**

Notwithstanding Local Rule 23-3, the deadline for the filing of a motion for class certification will be set pursuant to the parties' stipulation during the Scheduling Conference or in a Scheduling Order. No request for relief from Local Rule 23-3 is necessary.

**D. Motions for Default Judgment**

Unless otherwise ordered, motions for default judgment shall be filed no later than 14 days after the later of (1) entry of default against the last remaining defendant, or (2) resolution of all claims against all defendants who have not defaulted. A motion for default judgment must include a showing of both subject matter jurisdiction and personal jurisdiction. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).

**E. Summary Judgment Motions**

The Parties shall refer to Judge Valenzuela's Order Re: Motions for Summary Judgment for the appropriate procedures for motions for summary judgment.

**F. Motions *In Limine***

Motions *in limine* shall be noticed for hearing not later than four (4) weeks before the Final Pretrial Conference date. Unless leave of Court is granted, each party is limited to five motions *in limine*.

**G. *Daubert* Motions**

*Daubert* motions shall be noticed for hearing not later than nine (9) weeks before the Final Pretrial Conference date.

**H. Motions for Attorney Fees**

Before filing a motion for attorney fees, counsel must meet and confer thoroughly pursuant to Local Rule 7-3 to attempt in good faith to agree on the

reasonable amount of fees and expenses to be awarded (if the Court decides to award fees). Motions for attorney fees shall be electronically filed and set for hearing according to Local Rule 6-1 and this Order. Any motion or request for attorney fees shall attach two summaries, in table form, of the hours worked by and billing rate of each attorney with title (i.e., partner, counsel, associate, etc.).

The table shall include a summary of the hours worked by each attorney, organized by attorney. The table shall list all the tasks on which the attorney worked, the hours worked on each task, and the hourly rate of each attorney. If the hourly rate charged by any individual attorney changed while the action was ongoing, the party shall provide separate calculations for the total number of hours the attorney spent in connection with each task at each hourly rate.

The table shall be attached to the motion and electronically filed. The mandatory chambers copies of the table shall be prepared in Excel, have all restrictions removed so the spreadsheets can be edited, and be emailed to opposing counsel and the Court's chambers email address at CV_Chambers@cacd.uscourts.gov.

An opposing party shall specify its objections to the fee requests and time spent in the form set forth below:

| **Attorney** | **Date** | **Description** | **Time Challenged** | **Reduce By** | **Objection** | **Reason for Objection** |
|---|---|---|---|---|---|---|
| Attorney A | 1/1/25 | T/C with consultant | 3.0 | 3.0 | Vague | Fails to articulate who the consultant was and what the conversation concerned. |
| Attorney B | 1/10/25 | Research Notice of Related Cases | 2.5 | 2.3 | Excessive | Notice of Related Cases is a form document. Attorney should not charge for basic research. |

| | | | | | | |
|---|---|---|---|---|---|---|
| Attorney C | 1/20/25 | Calendared dates | 1.3 | 1.3 | Clerical work | Attorney cannot charge for clerical work. |

### I. PLRA Exhaustion Motions

The issue of exhaustion under the Prison Litigation Reform Act ("PLRA") must be raised at the beginning of the litigation. *Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014). A party seeking to obtain a judicial determination of any material fact dispute precluding summary judgment on the exhaustion issue must file before this Court a request for a hearing within fourteen (14) days of the filing of the order denying summary judgment. The failure to file a timely request may be construed as a waiver of the exhaustion issue.

### J. ERISA Cases (Benefits Claims)

Claims to recover benefits under ERISA will be resolved by a court trial (usually confined to briefing and possible oral argument) on the administrative record. Absent an agreed upon statement of facts, the Court will not hear motions for summary judgment. However, the Court will hear motions to determine the standard of review and the scope of the administrative record. *See Kearney v. Standard Ins. Co.*, 175 F.3d 1084 (9th Cir. 1999).

## V. ADDITIONAL REQUIREMENTS

### A. Electronic Filing

Pursuant to Fed. R. Civ. P. 5(d)(3), L.R. 5-4, and General Order 10-07, counsel shall electronically file ("e-file") all filings. Items that do not require the Court's signature shall be e-filed in .pdf format. Proposed orders shall be e-filed in .pdf format as an attachment to the main documents.

*Pro se* litigants may submit documents for filing through the Court's Electronic Document Submission System (EDSS) instead of mailing or bringing documents to the Clerk's Office. Only internet access and an email address are required. Documents are submitted in .pdf format through an online portal on the

Court's website. To access EDSS and for additional information, visit the Court's website at https://apps.cacd.uscourts.gov/edss.

**B. Documents with Declarations, Exhibits, and other Attachments**

If a filed or lodged document has declarations, exhibits, or other attachments, each attachment must be filed as a separately docketed attachment to the main docket entry with a description of the attachment (e.g., Dkt. 29-1 Smith Declaration, 29-2 Ex. 1 - License Agreement, 29-3 Request for Judicial Notice). The Court may strike or decline to consider motions, stipulations, or other documents with attachments that are not filed in accordance with this Order.

**C. Proposed Orders**

Each party filing or opposing a motion or seeking the determination of any matter shall serve and electronically lodge a proposed order setting forth the relief or action sought and a brief statement of the rationale for the decision with appropriate citations. In addition, a copy of the proposed order in Word format shall be emailed directly to the Court's chambers email address at CV_Chambers@cacd.uscourts.gov on the day the document is e-filed.

The parties must use the template for proposed orders available on Judge Valenzuela's Procedures and Schedules page on the Court's website. The proposed order must include the entire relief the parties seek. Failure to email a proposed order in Word format using the Court's template may result in the Court striking the motion, application, or stipulation without consideration of the request on its merits.

**D. Mandatory Chambers Copies**

The Court does not require chambers copies of any motion papers or exhibits and discourages the parties from sending chambers copies, with the following exceptions: the Court requires (1) one mandatory chambers copy of motions for summary judgment and motions for class certification, as well as any associated briefing, including oppositions and replies, and (2) one mandatory

chambers copy of overlength briefs when the Court has granted a party's request for leave to file an overlength brief. Chambers copies shall be delivered to Judge Valenzuela's "Mandatory Chambers Copies" box, located on the fourth floor of the United States District Courthouse, 350 W 1st Street, Los Angeles, CA 90012. A mandatory chambers copy must comply with Local Rule 11-3 (i.e., font size, page numbering, exhibit tabbing, etc.) but need not be blue-backed. The mandatory chambers copy must be prominently labeled MANDATORY CHAMBERS COPY on the face page.

This order, however, is not intended to affect the parties' ability to file and lodge documents and materials that are exempt from electronic filing under Local Rule 5-4.2.

The Court refers the parties to the Scheduling and Trial Order for details regarding mandatory chambers copies for pretrial documents and trial exhibits.

**E. Filing Under Seal**

Local Rule 79-5 governs applications to file documents under seal. Local Rule 79-5.2.2 explains how to apply to file under seal and how to proceed if leave is granted. Parties must comply with all provisions of Local Rule 79-5.

There is a strong presumption of access in civil actions. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). For each document or other type of information a party seeks to file under seal, the party must identify and discuss the factual and/or legal justification that establishes "good cause" or "compelling reasons" for the information to be protected. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006).

Documents that are not confidential or privileged in their entirety should not be filed under seal if the confidential portions can be redacted and filed separately with a reasonable amount of effort. The parties should file a complete version of the documents under seal and a redacted version for public viewing, omitting only the portions that the Court has authorized to be filed under seal.

Sealing must be justified for each individual item: blanket claims of confidentiality will result in the application to seal being denied. Counsel is strongly encouraged to consider carefully whether sealing or redaction is absolutely required for a given piece of evidence or argument. An application to seal that includes meritless requests to seal or redact documents will be denied. The parties also must meet and confer before filing an application to seal.

**F. Appearance at Hearings**

The Court requires lead counsel to appear for scheduling conferences, settlement conferences, and the Final Pretrial Conference. The Court requires in-person attendance for all hearings and trials, unless otherwise instructed by the Court. The Court may permit appearances by telephone or video conference for status conferences upon a showing that a personal appearance will cause undue hardship. If you wish to appear by telephone or video conference, you must:

1. email the Courtroom Deputy Clerk and copy opposing counsel at least three (3) court days in advance of the scheduled appearance and provide a detailed statement of undue hardship;
2. use a landline to call into the bridge line provided by the Courtroom Deputy Clerk or use a hardline internet connection to connect to the Zoom link for the Court; and
3. be available and ready to call in for at least fifteen (15) minutes before the time of the scheduled hearing.

**G. *Ex Parte* Applications**

The Court considers *ex parte* applications on the papers and does not usually set these matters for hearing. The parties will be notified if the Court deems a hearing necessary. *Ex parte* applications are solely for extraordinary relief and should be used with discretion. Sanctions may be imposed for misuse of *ex parte* applications. *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. 1995).

*Ex parte* applications that fail to conform to Local Rules 7-19 and 7-19.1, including a statement of opposing counsel's position, will not be considered except upon a specific showing of good cause. The applicant shall serve the opposing party electronically, if possible. All parties registered for electronic service are sent a notification of ECF filing each time a document is e-filed with a link to the document for one free view. Accordingly, parties registered for electronic service are considered served once an *ex parte* application has been e-filed. Parties enrolled for service by facsimile or mail must be served the *ex parte* application by facsimile or personal service.

Following service of the *ex parte* application by electronic, facsimile, or personal service, the applicant shall notify the opposing party that any opposition must be filed no later than twenty-four (24) hours following service. Counsel will be notified by the clerk of the Court's ruling. If counsel does not intend to oppose an *ex parte* application, counsel must inform the Courtroom Deputy Clerk at (213) 894-0239.

All *ex parte* applications must include a proposed order. *See* Local Rules 7-19 and 7-19.1.

**H. Continuances**

The Court has a strong interest in keeping scheduled dates certain. Changes in dates are disfavored. Trial dates set by the Court are firm and will not readily be changed. Therefore, a request to continue or extend the date of any matter before this Court must be supported by a sufficient factual basis that demonstrates good cause why the change in the date is essential. Without such compelling factual support and a showing of due diligence, requests continuing dates will not be approved. Counsel requesting a continuance or extension of time must file electronically a request or, if the parties are in agreement, a stipulation which includes a detailed declaration of the grounds for the requested continuance or extension of time. A proposed order in Word format must be emailed directly to

the Court's chambers email address at CV_Chambers@cacd.uscourts.gov on the day the document is e-filed. The proposed order must include the entire relief the parties seek.

Failure to comply with the Local Rules and this Order will result in rejection of the request without further notice to the parties. Requests extending scheduling dates do not become effective unless and until this Court so orders. Counsel shall avoid submitting requests for continuance or extension of time less than five (5) business days prior to the expiration of the scheduled date. A request to continue or extend dates or deadlines that have already expired constitutes a presumptive lack of due diligence.

**I. Communications with Chambers**

Counsel must not attempt to contact the Court or chambers staff by email, telephone, or *ex parte* means. For appropriate matters only, counsel may contact the Courtroom Deputy Clerk via chambers email address at CV_Chambers@cacd.uscourts.gov, or by telephone at (213) 894-0239. Counsel must not contact the Courtroom Deputy Clerk regarding the status of any matter before the Court. Counsel must include on all papers his or her email address and telephone number to facilitate communication with the Courtroom Deputy Clerk.

**J. Order Setting Scheduling Conference**

Pursuant to Fed. R. Civ. P. 16(b), the Court will issue an order setting a scheduling conference as required by Fed. R. Civ. P. 26 and the Local Rules of this Court. Strict compliance with Fed. R. Civ. P. 16 and 26 is required.

**K. Settlement Conference / Alternative Dispute Resolution ("ADR")**

As stated in Local Rule 16-15, the parties in every action must participate in a Settlement Conference or Alternative Dispute Resolution ("ADR") procedure. The Court will not hold a final pretrial conference or convene a trial unless and until all parties, including the principals of all corporate parties, have completed

ADR.

This Court participates in the Court-Directed ADR Program whereby the Court refers the parties to the Magistrate Judge, the Court Mediation Panel, or private mediation. *See* General Order 11-10, § 5.1. If a Notice to Parties of Court-Directed ADR Program (ADR-08) has been filed in this action, counsel must furnish and discuss it with their clients in preparation for the Fed. R. Civ. P. 26(f) conference. Counsel should state their preferred ADR procedure in their Joint Rule 26(f) Report. The Court will refer the action to a procedure at the initial scheduling conference or in a Scheduling and Trial Order. More information about the Court's ADR Program, the Mediation Panel, and mediator profiles is available on the Court's website at https://www.cacd.uscourts.gov/attorneys/adr.

**IT IS SO ORDERED.**

Dated: November 3, 2026

Cynthia Valenzuela

HON. CYNTHIA VALENZUELA
UNITED STATES DISTRICT JUDGE